UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SANAT V. SANGHANI, MD, LLC | CIVIL ACTION NO. 12-0632 d |
| VERSUS | |
| AETNA LIFE INSURANCE COMPANY | DISTRICT JUDGE TRIMBLE |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

This Employees Retirement Income Security Act ("ERISA") case, 29 U.S.C.1001 et seq., is referred to me by the district judge for Report and Recommendation. The case is ready for decision on briefs on the merits in accordance with the ERISA Case Order [Doc. #6].

### Standard of Review

In accordance with this court's standing ERISA Case Order, the parties agree that the health insurance Plan administered by defendant is an employee welfare benefit plan, as defined by the provisions of ERISA, and that this case is governed by ERISA and that all state law claims are preempted. The parties also agree that the Plan provides the administrator with discretionary authority to interpret the provisions of the Plan and to make findings of fact and determine eligibility for benefits. Both Claimant and Defendant agree that the administrative record is complete.

### Facts

The insured, Ervin Walker, was covered under a self-funded plan provided by his wife's union, SEIU, and administered by Aetna. Walker sought treatment with plaintiff, Dr. Sanghani, a

radiation oncologist, in Alexandria.  Sanghani submitted bills totaling  $22, 151. Aetna refused to pay $3,996 of them and,  plaintiff claims, another $1,904.09 was not paid because of the co-insurance provisions in the policy. Plaintiff's primary complaint is that the charges were initially reduced because Aetna said they exceeded the "recognized charge". Plaintiff suggests that the term is not defined in the policy. Aetna, on the other hand points to a definition of "recognized charge" that provides it is the "maximum amount Aetna will pay for a covered expense from an out of network or outside the United States provider."[1]  Aetna explains that, because Dr. Sanghani is an out of network provider, the bills are first reduced by Aetna to the "recognized charge" and then the reduced charges are further reduced by the member's co-insurance amount. After the maximum amount of out of pocket expenses is reached, Aetna will pay 100% of the charges.

Dr. Sanghani was assigned Walker's rights to any additional benefits and seeks those additional payments he claims are due under Walker's Plan.  Prior to filing suit, a demand letter was sent to Aetna by Sanghani's attorney demanding additional benefits.

## Analysis

Defendant, Aetna, makes two arguments: first, that Sanghani and Walker failed to  exhaust administrative remedies, and, second, that Aetna did not abuse its discretion in determining benefits based on Sanghani having been an "out of network" provider.

### Exhaustion of administrative remedies

Exhaustion of available administrative remedies is a prerequisite to an ERISA action in federal court. See Bourgeois v. Pension Plan, 215 F.3d 475 (5th C. 2000).

---

[1] This definition, in essence, states that Aetna will pay what Aetna will pay. Apparently there is no objective formula provided in the policy for determining what the "recognized charge" should be.

While even a letter may serve as an appeal, see Swanson v. Hearst Corp., 586 Fed.3d 1016, (5th C. 2009), here plaintiff made no effort to appeal, nor did Walker. While it is true that, where an appeal would be futile such is not required, Bourgeois, Id., here there is no evidence in the record that an appeal would be futile, especially in light of Aetna's apparent failure to adequately define "recognized charge".

### Abuse of discretion

Because the administrative remedies were not complied with, this court has no jurisdiction to hear the appeal and defendant's second argument, therefore, cannot be addressed at this time.

## Conclusion

Because the prerequisite to filing suit, exhaustion of administrative remedies, was not met, this court may not consider plaintiff's appeal. Therefore,

IT IS RECOMMENDED that plaintiff's appeal be DENIED and the case dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.  **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED**

**PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 28th day of March, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE